# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| DEBORAH WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | Case No. 18-CV-_____ |
| | ) | |
| CRYSTAL CRUISES, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, DEBORAH WOOD, ("WOOD") by her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Defendant, CRYSTAL CRUISES, ("CRYSTAL CRUISES") hereby states the following:

## JURISDICTION

Jurisdiction is proper pursuant to 28 U.S.C. §1333 and F. R. Cv. P. 9(h) as WOOD's claims arise under the laws or treaties of the United States. In particular, WOOD's claims arise under the admiralty jurisdiction of this Court and general maritime laws of the United States.

## VENUE

Venue is proper pursuant to 28 U.S.C. §1391(b), in that Wood's claims of damages arose in McLean County and in this district as alleged below.

## PARTIES

4.   At all times relevant to the matters set forth in this Complaint, WOOD was a resident of McLean County, Illinois.

5. During all times relevant to the matters set forth in this Complaint, CRYSTAL CRUISES, was a cruise line conducting business in Illinois, including but not limited to furnishing and selling passage on its ships to passengers and patrons residing in and around McLean County, Illinois.

## COUNT I

## NEGLIGENCE MARITME LAW

6. That on October 20, 2015, WOOD was a passenger and guest on a ship operated by CRYSTAL CRUISES that was operating in navigable waters leaving ports in the United States.

7. That on October 20, 2015, CRYSTAL CRUISES was the owner and master of a vessel operating in navigable waters of the sea for the purpose of transporting passengers and guests for travel from place to place, including from the United States to other ports.

8. That as the owner and or operator of a sea vessel transporting passengers and guests, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to refrain from acts or omissions that CRYSTAL CRUISES knew or should have known could cause personal injuries to WOOD.

9. That as the owner and or operator of a sea vessel transporting passengers and guests, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to hire competent and qualified employees, including but not limited to a competent and qualified ship physicians and medical personnel for the purpose of providing reasonable and appropriate medical care to WOOD, following WOOD's injuries sustained when she

slipped and fell in the steam room and steam bath area of the vessel owned and or operated by CRYSTAL CRUISES.

10. That as the owner and or operator of a sea vessel transporting passengers and guests, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to provide appropriate medical equipment for use by the ship physicians and medical personnel to diagnose conditions, including but not limited to fractures and other conditions sustained by WOOD as a consequence of her slip and fall on October 20, 2015 in the steam room and steam bath area on the sea vessel owned and operated by CRYSTAL CRUISES.

11. That on October 20, 2015, as the owner and or operator of a sea vessel transporting passengers and guests, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to provide WOOD with a safe environment to utilize the various amenities offered to passengers and guests on the sea vessel, including but not limited to the steam shower and steam bath area.

12. That on October 20, 2015, as the owner and or operator of a sea vessel transporting passengers and guests, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to provide her with facilities that were reasonably safe for the activities offered by CRYSTAL CRUISES to passengers and guests, including but not limited to providing a steam shower and steam bath area that was free from defects.

13. That on October 20, 2015 as the owner and or operator of a sea vessel transporting passengers and guests, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to provide her with shoe wear or other protective non-slip foot wear for use in the steam shower and steam bath area so as to eliminate or reduce the risk of passengers,

including WOOD, from slipping on the wet floor in the steam shower and steam bath area.

14. That on October 20, 2015 as the owner and or operator of a sea vessel transporting passengers and guests, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to provide a steam shower and steam bath area with a non-skid surface and or a surface that was permeable so as to soak up the steam being produced by the steam shower and steam bath area so as to eliminate water puddling and eliminate water remaining on the floor of the steam shower and steam bath room.

15. That on October 20, 2015, CRYSTAL CRUISES owed a duty of reasonable care to WOOD to warn her of any dangerous condition existing on the floor of the steam shower and steam bath area when CRYSTAL CRUISES knew or with the exercise of reasonable care should have known that WOOD was not aware and did not appreciate the slipperiness of the steam shower floor area, and in particular was not aware that the rug placed outside of the steam shower and steam bath area was slick and not coated with any non-skid underlayment.

16. That in violation of the duties of reasonable care owed by CRYSTAL CRUISES to WOOD, CRYSTAL CRUISES was negligent in one or more or all of the foregoing and following ways:

a. Failed to provide WOOD with the proper shoe wear and or foot wear to insure that she would not slip on the slippery, wet floor upon exiting the steam shower and stepping onto a rug that was not equipped with a non-skid backing or underlayment;

b. Failed to provide WOOD with the proper steam shower and steam bath facility in that the steam shower and steam bath facility furnished by CRYSTAL

CRUISES to WOOD had a slick floor that was absent of any non-skid stripping or non-skid surface, was covered in water, and was otherwise dangerous for walking or traversing from the steam shower stall to the area outside of the steam shower area;

    c.    Failed to warn WOOD of the dangerous condition of the rug placed outside of the steam shower stall that was not equipped with non-skid underlayment or backing and which slid across the wet floor upon WOOD stepping onto the rug after stepping out of the steam shower;

    d.    Failed to furnish WOOD with proper medical care from the ship physician following her fall due to the fact that the ship physician had inadequate equipment available to her to diagnose WOOD's medical condition; and was otherwise unable to offer sufficient aid and healthcare to WOOD due to deficiencies in the diagnostic equipment available to the ship physician; and

    e.    Was otherwise negligent in causing WOOD to fall in the steam shower area when CRYSTAL CRUISES knew or with the exercise of reasonable care should have known that the condition of the steam shower and steam bath area was dangerous to passengers and guests who utilized the amenities offered by CRYSTAL CRUISES to passengers and guests, including WOOD.

    17.    That as a direct and proximate result or one or more or all of the foregoing, WOOD sustained injuries and damages when she slipped and fell in the steam shower area on October 20, 2015.

    18.    That as a consequence of her fall in the steam shower area, WOOD sustained a fracture to her left wrist, injuries to her left arm and hand and upper extremities and to both of her knees and lower back.

19.     That as a consequence of her fall in the steam shower area, WOOD has incurred medical expenses for the care and treatment of her injuries caused by her fall in the steam shower area.

20.     That as a consequence of her fall in the steam shower area, WOOD missed work and sustained other economic damages as a consequence of her injuries sustained when she fell in the steam shower area on the vessel owned and operated by CRYSTAL CRUISES.

WHEREFORE, on the basis of the foregoing, Plaintiff, DEBORAH WOOD, sustained injuries resulting in damages as a consequence of the actions of Defendant, CRYSTAL CRUISES and as a consequence thereof, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant for damages and for such other and further relief as this Court deems equitable and proper.

PLAINTIFF REQUESTS TRIAL BY JURY

Respectfully Submitted,

DEBORAH WOOD, Plaintiff

BY: /s/Dawn L. Wall

Dawn L. Wall Bar Number 6196948
Attorney for Plaintiff
Costigan & Wollrab, P.C.
308 E. Washington St.
Bloomington, Illinois 61701
(309) 828-4310 phone
dwall@cwlawoffice.com